UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBYN BARONE, on behalf of herself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| FEIN, SUCH, KAHN & SHEPARD, P.C.; and JOHN DOES 1-25, | |
| Defendant(s). | |

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

Cathelene Louis
648 Franklin Avenue
Franklin Lakes, New York 07417

FEIN, SUCH, KAHN & SHEPARD, P.C
7 Century Drive, 2nd Floor
Parsippany, New Jersey 07054.

Plaintiff, ROBYN BARONE ("Plaintiff"), on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, FEIN, SUCH, KAHN & SHEPARD, P.C. ("Fein Such") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and resides in Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FEIN SUCH is a domestic professional corporation with an office located at 7 Century Drive, 2nd Floor, Parsippany, New Jersey 07054.

8. FEIN SUCH is a domestic law firm with an office located at 7 Century Drive, 2nd Floor, Parsippany, New Jersey 07054.

9. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from FEIN SUCH which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent collection letters and/or notices from FEIN SUCH, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

13. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether Defendants violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

15. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

16. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

17. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

18. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

19. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is

allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

20. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

21. On February 11, 2021, Plaintiff's spouse, William Barone, passed away.

22. Sometime prior between December 4, 2018 and December 24, 2019, William Barone allegedly incurred a financial obligation to Kayal Orthoapedic Center, PC ("Kayal").

23. Plaintiff was not contractually liable for the KAYAL obligation.

24. Plaintiff did not sign any documents agreeing to be contractually liable for the KAYAL obligation.

25. The KAYAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The KAYAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. KAYAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. On or before March 29, 2021, KAYAL placed and/or referred the KAYAL obligation with FEIN SUCH for the purpose of collection.

29. At the time the KAYAL obligation was assigned, placed, or transferred to FEIN SUCH, such obligation was past due.

30. At the time the KAYAL obligation was assigned, placed, or transferred to FEIN SUCH, such obligation was in default.

31. On or about March 29, 2021 caused to be mailed to Plaintiff a letter concerning the KAYAL obligation. A copy of said letter/notice is annexed hereto as <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

32. The March 29, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The March 29, 2021 letter was addressed to Robyn Barone, individually.

34. The March 29, 2021 letter stated in relevant part:

> Robyn Barone
> 648 Franklin Avenue
> Franklin Lakes NJ 07417
>
> Re:  Creditor: Kayal Orthopaedic Center PC
>      Principal Due:                                $184,001.64
>
>      Balance Due                                   $184,001.64
>      Our File No.: SC210004

35. The March 29, 2021 letter further stated in relevant part:

> Dear Sir/Madam:
>
> This office represents Kayal Orthopaedic Center PC for the collection of the above debt from the consumer.
>
> The consumer's contact with this office is John G at the number listed above, Ext. 253 between the hours of 8:00AM and 5:00PM., Monday through Friday.
>
> Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> **This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

36. The March 29, 2021 letter indicated that Plaintiff was liable for the KAYAL obligation.

37. The March 29, 2021 letter was not addressed to William Barone.

38. The March 29, 2021 letter was not addressed to the Estate of William Barone.

39. The March 29, 2021 letter was not addressed to the Executor, Administrator, or Representative of the Estate of William Barone.

40. Upon receipt, Plaintiff read the March 29, 2021 letter.

41. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, FEIN SUCH sent initial collection letters/notices attempting to collect debts to more than 40 consumers residing within the State of New Jersey similar to the letter/letter annexed hereto as Exhibit A.

42. Fein SUCH's actions as described herein are part of a pattern and practice used to collect consumer debts.

43. FEIN SUCH could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to file complaints against Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

   a. Falsely representing the character, amount, or legal status of any debt;

   b. Using false, deceptive or misleading representations or means in connection with the collection of any debt;

    c.    Using unfair or unconscionable means to collect or attempt to collect any debt;

    d.    Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

    e.    Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

    f.    Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

    g.    Causing consumers to suffered a risk of economic injury.

<u>**COUNT I**</u>
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e *et seq*. VIOLATIONS**

45.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46.    Collection letters and/or notices such as those sent by FEIN SUCH are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

47.    FEIN SUCH violated 15 U.S.C. § 1692 *et seq*. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

48.    15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt.

49.    FEIN SUCH violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, misleading representations and means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

50. Plaintiff suffered an informational injury due to FEIN SUCH'S violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff.

51. Plaintiff suffered a risk of economic injury due to FEIN SUCH's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff.

52. 15 U.S.C. § 1692e(2)(A) provides that a debt collector may not falsely represent the …character, amount or legal status of any debt.

53. FEIN SUCH violated 15 U.S.C. §1692e(2)(A) by falsely representing that Plaintiff was responsible for the debt.

54. FEIN SUCH violated 15 U.S.C. §1692e(2)(A) by falsely representing the character of the debt as being a debt Plaintiff individually was obligated to pay.

55. FEIN SUCH violated 15 U.S.C. §1692e(2)(A) by falsely representing that Plaintiff was individually and legally responsible for the debt.

56. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

57. FEIN SUCH violated 15 U.S.C. §1692e(10) by falsely representing that Plaintiff was responsible for the debt.

<u>**COUNT II**</u>
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

58. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. 15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

60. 15 U.S.C. § 1692f(1) prohibits a debt collector from attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

61. FEIN SUCH violated 15 U.S.C. § 1692f et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

62. Plaintiff suffered an informational injury due to FEIN SUCH'S violation of 15 U.S.C. § 1692f of the FDCPA in connection with its communications to Plaintiff.

63. Plaintiff suffered a risk of economic injury due to FEIN SUCH's violation of 15 U.S.C. § 1692f of the FDCPA in connection with its communications to Plaintiff.

64. FEIN SUCH violated 15 U.S.C. § 1692f(1) et seq. of the FDCPA as Plaintiff was not responsible for the debt at the time FEIN SUCH sent the March 29, 2021 letter.

65. FEIN SUCH violated 15 U.S.C. § 1692f(1) et seq. of the FDCPA by attempting to a debt from Plaintiff which was not authorized by the agreement creating the debt. And not permitted by law.

66. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

70. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

71. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 10, 2021

        *s/ Joseph K. Jones*
        Joseph K. Jones, Esq.
        JONES, WOLF & KAPASI, LLC
        375 Passaic Avenue, Suite 100
        Fairfield, New Jersey 07004
        (973) 227-5900 telephone
        (973) 244-0019 facsimile
        jkj@legaljones.com

        *s/ Benjamin J. Wolf*
        Benjamin J. Wolf, Esq.
        JONES, WOLF & KAPASI, LLC

> 375 Passaic Avenue, Suite 100
> Fairfield, New Jersey 07004
> (973) 227-5900 telephone
> (973) 244-0019
> bwolf@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 10, 2021

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

# Exhibit A



**FEIN SUCH KAHN & SHEPARD P.C.**

7 CENTURY DRIVE, 2ND FLOOR
PARSIPPANY, NJ 07054
www.fskslaw.com

TELEPHONE:(973) 867-4541
FACSIMILE: (973)644-3287

March 29, 2021

Robyn Barone

Re:  Creditor: Kayal Orthopaedic Center PC
     Principal Due:                                    $184,001.64

     Balance Due                                       $184,001.64
     Our File No.:       004

Dear Sir/Madam:

This office represents Kayal Orthopaedic Center PC for the collection of the above debt from the consumer.

The consumer's contact with this office is John G at the number listed above, Ext. 253 between the hours of 8:00AM and 5:00PM., Monday through Friday.

Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,

FEIN, SUCH, KAHN & SHEPARD, P.C.

By: _____
Philip A. Kahn